**CORNING GLASS WORKS, Plaintiff,**

v.

**SUMITOMO ELECTRIC U.S.A., INC. and Sumitomo Electric Industries, Ltd., Defendants.**

**SUMITOMO ELECTRIC RESEARCH TRIANGLE, INC., Plaintiff,**

v.

**CORNING GLASS WORKS, Defendant.**

**Nos. 84 Civ. 9155 (WCC), 85 Civ. 3156 (WCC).**

United States District Court, S.D. New York.

April 21, 1988.

Fish & Neave, New York City, for Corning Glass Works; Lars I. Kulleseid, W. Edward Bailey, Daniel M. Gantt, Thomas J. Vetter, Mark H. Bloomberg, New York City, Alfred L. Michaelsen, K. McNeill Taylor, Jr., Corning Glass Works, Patent Dept., Corning, N.Y., of counsel.

Whitman & Ransom, New York City, for Sumitomo Elec. U.S.A., Inc., Sumitomo Elec., Research Triangle, Inc. and Sumitomo Elec. Industries, Ltd.; Thomas G. Bailey, New York City, Cushman, Darby & Cushman, George T. Mobille, Chris Comuntzis, Richard P. Bauer, Duane M. Byers, Ablondi & Foster, P.C., Italo H. Ablondi, F. David Foster, Sturgis M. Sobin, Peter J. Koenig, Washington, D.C., of counsel.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

The Sumitomo parties (collectively "Sumitomo") moved under Rule 60(b)(1), Fed.R.

Civ.P., for relief from paragraphs 6–9 of the Judgment entered by the Court on October 21, 1987 finding Sumitomo's infringement of Corning's U.S. patent No. 3,659,-915 (the " '915 patent") to have been willful since January 22, 1985. In support of the motion, Sumitomo represented that, at the bifurcated trial of the liability issue, its counsel had not introduced evidence relating to willfulness because they had been led, by a comment of the Court during that trial, to believe that such evidence would be received during the later trial of the damage issue, if such trial proved necessary. In its Order of December 21, 1987, the Court recognized that its comment might have misled Sumitomo's counsel, but denied the motion "without prejudice to its renewal upon a full proffer of the evidence which Sumitomo would adduce if the trial were reopened." On March 30, 1988, Sumitomo renewed the motion with a proffer of such evidence, including nine opinion letters from United States patent counsel advising Sumitomo that the '915 patent was invalid and/or not infringed by various Sumitomo optical waveguide fibers.

Corning Glass Works ("Corning") has opposed Sumitomo's renewed motion not only on the merits but on the preliminary ground that this Court has been ousted of jurisdiction to rule on the motion by Sumitomo's appeal of the Judgment to the United States Court of Appeals for the Federal Circuit on December 10, 1987, seven days prior to the service of Sumitomo's initial motion and over three months prior to the renewal of the motion with the required proffer of evidence.

■ Corning's objection is well founded. The appeal of this Court's judgment to the Court of Appeals has deprived this Court of jurisdiction to rule on the motion under Rule 60(b)(1) to amend the judgment. *Weiss v. Hunna*, 312 F.2d 711, 713 (2d Cir.1963), as made applicable in the Federal Circuit by *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1550 (Fed. Cir.1987) and *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1438–40 (Fed. Cir.1984).

However, in *Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir.1962), the Court of Appeals for the Second Circuit approved as "proper and calculated to be most economical of the efforts of courts and parties" the practice prescribed in *Smith v. Pollin*, 194 F.2d 349 (D.C.Cir. 1952). Under this procedure, the District Court may promptly consider such a motion under these circumstances and determine whether it would grant the motion if it had jurisdiction; if it would, it may notify the moving party who may then seek remand of the case by the Court of Appeals for the limited purpose of a ruling on the motion. *See also Ingraham v. United States*, 808 F.2d 1075, 1080–81 (5th Cir.1987); *Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir.1985); *Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir.1979); 11 Wright & Miller, Federal Practice & Procedure: Civil § 2873 at 265 (1973).

■ Having considered the motion papers, the Court determines that, because it appears that Sumitomo's counsel may have understood that the evidence on the issue of willfulness would be received at the trial on damages, if such a trial proved necessary and because the evidence proffered by Sumitomo is sufficient to create a triable issue of fact, the Court would grant the Sumitomo's motion under Rule 60(b)(1) if the case were remanded by the Court of Appeals. This determination should not be construed as expressing or implying any view as to the merits of the issue of willfulness, but only the view that Sumitomo is entitled to a clear day in court for the trial of that issue.

SO ORDERED.