David A. CERULLO, Ralph Meister, Henry B. Carter, Edward M. Farmer, Jr., Harold E. St. Cyr, Robert E. VanDee, Appellants,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

Nos. 89–2, 90–31, 90–95, 90–153, 90–271 and 90–253.

United States Court of Veterans Appeals.

Argued Dec. 3, 1990.

Decided April 4, 1991.

As Amended Dec. 3, 1991.

Ronald L. Smith, with whom Edward J. Kowalczyk (non-attorney practitioner) appeared on the brief for appellant David A.

Cerullo, and Rick Surratt (non-attorney practitioner) appeared on the brief for appellants Ralph Meister, Henry B. Carter, and Harold E. St. Cyr, for appellants.

R. Randall Campbell, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

These cases were consolidated pursuant to U.S.Vet.App.R. 3(b) (Interim). In each of these cases the Chairman of the Board of Veterans' Appeals (BVA or Board) attempted to vacate the BVA decision, *sua sponte*, after a timely Notice of Appeal (NOA) had been filed with this Court. The Court is called upon to decide whether the Chairman of the Board of Veterans' Appeals may order reconsideration of a BVA decision after an NOA from that decision has been filed with this Court. The Court consolidated these cases in order to address this important jurisdictional question.

In each case the Secretary of Veterans Affairs (Secretary) moved for a dismissal of the appeal pending reconsideration by the BVA of its former decision, arguing that this Court lacked subject matter jurisdiction over the appeals. All of the appellants opposed BVA reconsideration, and all but Robert E. VanDee moved for injunctive relief to prevent BVA reconsideration. The Court issued a per curiam order consolidating the appeals of Henry B. Carter and Ralph Meister. The per curiam order directed the BVA to take no action in the appeals pending further order of the Court, and it rendered the reconsideration orders null and void. The Secretary moved to consolidate all six above-captioned cases on October 15, 1990. The Court issued a per curiam order consolidating the appeals of David A. Cerullo, Edward M. Farmer, Jr., Harold E. St. Cyr, and Robert E. VanDee with the previously consolidated appeals of Henry B. Carter and Ralph Meister. Both the Secretary and appellants filed supplemental memoranda on November 20, 1990. Oral argument was held on December 3, 1990, after which appellants and the Secretary filed additional supplemental memoranda in response to an order of the Court.

After oral argument and review of the briefs, record, and legal precedent, we hold that any attempt by the BVA or the BVA Chairman to order reconsideration of a BVA decision after an NOA has been timely filed with this Court is null and void unless the Court first orders a remand in accordance with the procedure described herein.

## DISCUSSION

These cases raise important legal issues ultimately affecting this Court's power to render efficacious decisions. The Secretary asserts that, because the BVA Chairman has ordered reconsideration of these cases, this Court no longer has jurisdiction over the cases even though a proper NOA was first timely filed. The Secretary has further asserted that the BVA Chairman may order reconsideration of a final BVA decision at any time. The Secretary argues that a reconsideration order by the BVA Chairman acts "to abrogate the binding effect of the previous Board decisions. His orders erased any final administrative action that may have affected the veterans' rights. Thus, there is now no justiciable case or controversy before the Court in these six appeals." Supplemental Memorandum of the Secretary at 3.

Jurisdiction discussed herein relates to the plenary jurisdiction of this Court. In order to justify the Secretary's position logically, one must necessarily conclude either that the filing of an NOA has no jurisdictional significance or that dual plenary jurisdiction may exist between an administrative tribunal and a federal court. Both of these conclusions are based upon incorrect understandings about the nature of federal jurisdiction.

■ Legal precedent is clear that the filing of an NOA confers plenary jurisdiction upon an appellate court. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 401–02, 74 L.Ed.2d 225 (1982) (per curiam). *See also Browder v. Director, Illinois Dep't of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 63 S.Ct. 1126, 87 L.Ed. 1483 (1943); *Keohane v. Swarco, Inc.*, 320 F.2d 429 (6th Cir.1963). "As a general rule, of course, once an appeal has been taken—once notice of appeal has been timely filed—the district court is divested of jurisdiction to take any action except in aid of the appeal." *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 818 (9th Cir. 1961) (citing *Miller v. United States*, 114 F.2d 267, 269 (7th Cir.1940), *cert. denied*, 313 U.S. 591, 61 S.Ct. 1114, 85 L.Ed. 1545 (1941)). *See also Cochran v. Birkel*, 651 F.2d 1219, 1221–22 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982). We subscribe to this transfer of jurisdiction doctrine.

■ Since the timely filing of an NOA generally transfers jurisdiction to the appellate body, any attempts by the BVA Chairman to obtain jurisdiction over a case after the filing of an NOA here must be predicated on the concept that there may be dual plenary jurisdiction. Current jurisprudence in this area has concluded that concurrent or dual plenary jurisdiction is impermissible. Once an appellate body takes jurisdiction over a claim, the lower tribunal may not consider the same issues. In *Griggs*, the United States Supreme Court stated that "even before 1979, it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." 459 U.S. at 58, 103 S.Ct. at 401–02. (A 1979 amendment to the Federal Rules of Appellate Procedure had avoided the potential conflict wherein district courts and courts of appeals would both have had the power to modify the same judgment. Fed.R.App.P. 4(a)(4) was amended in 1979 by Pub.L. 100–690, § 7111, 102 Stat. 4419 (Nov. 18, 1988), to provide that an NOA filed before a Rule 59(e) motion is filed has no effect.)

■ In *In re Combined Metals Reduction Co.*, 557 F.2d 179, 200 (9th Cir.1977), the Ninth Circuit concluded that automatic transference of jurisdiction after the filing of an NOA is "clearly necessary to prevent the procedural chaos that would result if concurrent jurisdiction were permitted." Since *Griggs*, courts of appeals have concluded that dual jurisdiction is impermissible. *See West Penn Power Co. v. EPA*, 860 F.2d 581, 585 (3d Cir.1988) (citing *Outland v. C.A.B.*, 284 F.2d 224, 227 (D.C.Cir. 1960)); *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir.1989). The allowance of dual jurisdiction raises the possibility that a court of appeals will expend extensive judicial time on a case only to have agency reconsideration nullify its efforts. Since only one body may exercise plenary jurisdiction, the BVA may not obtain plenary jurisdiction over a claim after this Court's jurisdiction has attached. Jurisdiction is not something that "can float in the air" to be seized by any tribunal at any time. *Cochran v. Birkel*, 651 F.2d at 1222 (quoting *Ruby v. Secretary of the Navy*, 365 F.2d 385, 388–89 (9th Cir.1966) (en banc), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967)). "[O]therwise, a litigant could temporarily deprive the court of jurisdiction at any and every critical juncture." *Id.* (quoting *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.1972)). *See also King v. Gibbs*, 876 F.2d 1275, 1278 (7th Cir.1989); *In re San Vicente Medical Partners, Ltd.*, 865 F.2d 1128, 1130 (9th Cir.1989).

■ In accordance with the theory that plenary jurisdiction can lie in only one body, courts have permitted an appeal to go forward if a motion is pending in the lower tribunal which is not outcome determinative. *See Cochran v. Birkel*, 651 F.2d at 1221. Pending motions which deal with peripheral matters, such as attorneys' fees, do not render a decision nonfinal, and the lower tribunal may thus retain jurisdiction as to those matters while the case is pending. *See, e.g., Jankovich v. Bowen*, 868 F.2d at 871 (citing *Morgan v. Union Metal Mfg.*, 757 F.2d 792, 794 (6th Cir.1985)). The United States Supreme Court articulated this principle, referred to as the "collateral

orders doctrine", in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *See also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978); *United States v. MacDonald*, 435 U.S. 850, 855, 98 S.Ct. 1547, 1550, 56 L.Ed.2d 18 (1978); *Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039–40, 52 L.Ed.2d 651 (1977). *Coopers & Lybrand* also discussed the fact that finality is a prerequisite to appellate jurisdiction.

The Secretary has concluded that under 38 U.S.C. § 4003(a) and (b) (1988) the BVA Chairman may order reconsideration in a case "on his own motion and, by ordering reconsideration, the Chairman divests the previous Board decision of finality." Supplemental Memorandum of the Secretary at 2. The Secretary's theory renders the concept of finality of judgments meaningless.

The United States Supreme Court again discussed finality in *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), wherein it quoted an earlier decision which stated that "finality as a condition of review is an historic characteristic of federal appellate procedure." *Id.* at 263, 104 S.Ct. at 1053–54 (quoting *Cobbledick v. United States*, 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940)). *See also Harris v. Derwinksi*, 1 Vet.App. 180, 182 (1991).

The Secretary has incorrectly asserted that, because 38 U.S.C. § 4003 states that BVA decisions are final unless the Chairman orders reconsideration, when the Chairman does so the decision becomes nonfinal even if on appeal to this Court. This position implies that a decision is never really final, or, alternatively, that a decision may be final for the purpose of appellate review but nonfinal for the purpose of ordering administrative reconsideration.

In general, only final decisions are reviewable in an appellate court. *See Firestone Tire and Rubber v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). In order to ascertain when this Court's jurisdiction attaches, it is necessary to determine when a BVA decision becomes final. We hold that when a timely NOA is filed with this Court from a final BVA decision, jurisdiction immediately lies in this Court. It is at this time also that BVA reconsideration is no longer possible (without the Court's permission) and that the BVA is without jurisdiction to take further action on the case. We adhere to the position of the Third Circuit when it concluded in *West Penn Power Co. v. EPA*, 860 F.2d at 587, that finality for one purpose should mean the same thing for other purposes.

The Secretary has stated that the Chairman has the power "to strip the Court of jurisdiction over cases after oral argument, or even after issuance of a panel decision before it becomes the decision of the Court under 38 U.S.C. § 4067(d)." Second Supplemental Memorandum of the Secretary at 2. "[T]he power vested in the Chairman of the Board to order reconsideration of a decision rendered by a panel of the Board is arguably subject to no statutory limitation, and ... such an order vacates and renders 'nonfinal' the panel decision." *Id.* Jurisdiction, however, cannot be divested by the action of an inferior tribunal. *See Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir. 1952).

The Secretary's position would give the Department of Veterans Affairs (VA) the power to defeat meaningful judicial review and thereby subvert the intention of Congress in enacting the Veterans' Judicial Review Act (VJRA), Pub.L. 100–687, Div. A, 102 Stat. 4105 (Nov. 18, 1988) (codified in scattered sections of 38 U.S.C.). The United States Senate Committee on Veterans' Affairs noted that judicial review is a right which should not be denied especially since "virtually all other Federal benefits are subject to judicial review...." S.Rep. No. 418, 100th Cong., 2d Sess. 49 (1988). The Senate Committee report further stated that "in light of all the relevant considerations, the Committee continues to believe that providing an opportunity for those aggrieved by VA decisions to· have such decisions reviewed by a court, in a manner similar to that enjoyed by claimants before almost all other Federal agen

cies, is necessary in order to provide such claimants with fundamental justice." *Id.* at 50.

The Secretary's assertion of an unrestricted ability on the part of the BVA Chairman to order reconsideration at any time and without a stated reason would also give the Secretary the power to delay the progression of a particular claimant's case if it were advantageous to the agency. Appellants correctly contend that reconsideration could conceivably be ordered in order to "afford the Board an opportunity to reinforce its denial in order to withstand judicial review." Supplemental Memorandum of Appellants at 14.

This rebuttal is particularly compelling in light of the 1980 amendment to the Social Security statutes found at 42 U.S.C. § 405(g). Prior to 1980 the Secretary of Health and Human Services (HHS) had the power to call back cases on judicial appeal without leave of a court. In 1980 this provision was amended to allow such a remand by the Court where the appeal is pending but only on motion of the Secretary of HHS and only "for good cause shown". Social Security Disability Amendments of 1980, Pub.L. No. 96–265, 94 Stat. 441, 458 (codified at 42 U.S.C. § 405 (1980)). Congress enacted this amendment after the Secretary was criticized for possibly exercising his call-back right to bolster decisions so that they would be more likely to withstand judicial review. *See* S.Rep. No. 408, 96th Cong., 1st Sess. 58, *reprinted in* 1980 U.S.Code Cong. & Admin.News 1277, 1336. It was also suggested that the previous practice could lead to laxity in administrative review since the agency had a second opportunity to strengthen its case prior to judicial review. *Id.*

We believe the policy reasons which brought about the 1980 changes in the Social Security Act to be persuasive in the context of the issue here before us; especially because a similar provision was deleted from the legislation which became the VJRA. *See* S.Rep. No. 418, 100th Cong., 2d Sess. 62 (1988).

The Secretary relies on 38 U.S.C. § 4003(a) and (b) as the authority for allow-ing the Chairman to order reconsideration *sua sponte* after an NOA has been filed with this Court. Section 4003 states:

(a) Decisions by a section of the Board shall be made by a majority of the members of the section. The decision of the section is final unless the Chairman orders reconsideration of the case.

(b) If the Chairman orders reconsideration in a case, the case shall upon reconsideration be heard by an expanded section of the Board. When a case is heard by an expanded section of the Board after such a motion for reconsideration, the decision of a majority of the members of the expanded section shall constitute the final decision of the Board.

(c) Notwithstanding subsections (a) and (b) of this section, the Board on its own motion may correct an obvious error in the record.

38 U.S.C. § 4003 (1988).

This section was revised by the enactment of the VJRA. Prior thereto, the term "reconsideration" was not used in the statute. Section 4003(a) of title 38 formerly stated that the "determination of the section [of the Board] ... shall be the final determination of the Board, except that the Board on its own motion may correct an obvious error in the record, or may upon the basis of additional official information from the service department concerned reach a contrary conclusion." 38 U.S.C. § 4003(a) (1982). The VJRA revised subsections (a) and (b) to give the Chairman additional statutory powers. Subsection (a) provides that a decision is final unless the Chairman orders reconsideration. Subsection (b) states that if the Chairman orders reconsideration in a case, the case will be heard by an expanded section of the Board. The statute offers no guidance on the criteria to be used by the Chairman when either granting a motion for reconsideration or ordering reconsideration *sua sponte* without a motion by the veteran. The statute is similarly unclear on whether the Chairman may order reconsideration without a motion by the veteran. Subsection (a) does not say when the Chairman may order reconsideration, and subsection (b) refers to

review by an expanded section of the Board "after such a motion for reconsideration". Subsection (c) allows the Board to correct an obvious error in the record upon its own motion.

Using plain meaning statutory construction (in the absence of a significant legislative history), one may infer that since subsection (c) allows the Board to correct obvious errors in the record "on its own motion", Congress would have used similar language in subsection (a) or (b) if it had intended to give the Chairman the power to order reconsideration of a decision without a motion by the veteran. On the other hand, it may be argued that since the Chairman was given new statutory authority to order reconsideration under the amended version of 38 U.S.C. § 4003, and this power was not limited, he may then order reconsideration *sua sponte.*

We adopt the latter statutory interpretation for policy reasons since either is a plausible interpretation of the statute. Administrative reconsideration may serve as a way to resolve a claim expeditiously. The BVA may be able to give the veteran reasonable relief or even the relief that he or she seeks without the necessity for judicial review. This interpretation also helps prevent the wasting of judicial time and resources and might also provide a method of settling cases if the veteran agrees to the new proposed disposition. The interpretation we adopt also permits motions for reconsideration to be made by the claimant.

VA regulations provide for several specific bases for ordering reconsideration and, in the absence of any statutory guidance as to the grounds for reconsideration, we accept the validity of the three bases specified in 38 C.F.R. §§ 19.185–86 (1990) for the Chairman to order reconsideration—obvious error of fact or law, certain new and material evidence, and false or fraudulent evidence. *Cf.* Proposed Regulations, 54 Fed.Reg. 34,360 (1989) (to be codified at 38 C.F.R. § 20.1000) (proposed Aug. 18, 1989) (continuing these three grounds essentially unchanged).

The process being adopted by this Court is similar to that announced by the Court of Appeals for the District of Columbia Circuit *Smith v. Pollin,* 194 F.2d 349, which has been followed by a number of circuits. In *Smith v. Pollin,* the court noted that the procedures for obtaining a new trial after an appeal is pending are the same in criminal and civil cases. The court stated that "[i]t is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal. Jurisdiction of the case is in this court while the appeal is pending." *Id.* at 350. The court held that "[w]hen an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion for new trial." *Id. See also First Nat'l Bank of Salem, Ohio v. Hirsch,* 535 F.2d 343, 345 (6th Cir.1976); *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 698 (7th Cir.1955); *Corning Glass Works v. Sumitomo Electric U.S.A., Inc.,* 683 F.Supp. 979, 980 (S.D.N.Y.1988).

■ This Court adopts a procedure whereby, through the Secretary, the BVA Chairman may indicate, after an NOA has been filed with this Court, that he is inclined to grant reconsideration under 38 U.S.C. § 4003(a) and (b) for one of the reasons articulated in 38 C.F.R. §§ 19.185–86, or the Board may indicate a desire to correct an obvious error under 38 U.S.C. § 4004(c). At that time, a motion for remand must be filed with this Court. The remand motion may be the result of a decision by the Secretary to confess error, the Chairman, or the Board itself, or settlement negotiations involving the veteran. The motion must clearly articulate the reasons for the remand request and the nature of the proceedings proposed by the Secretary. The other party will be afforded an opportunity to respond. We note that in some instances the BVA may wish to confess error as to one aspect of an appeal but argue other issues. This is permissible.

The parties are also free to enter into a stipulation resulting from settlement negotiations. If the parties have reached an agreement as to settlement or stipulation of issues after an NOA has been filed, they may file a joint motion for approval of the agreement by the Court.

The process we adopt is similar to the suggestions made by both the Secretary and appellants in their Second Supplemental Memoranda filed upon request of the Court after oral argument. The Court adopts this process in accordance with the need to give meaning to both the judicial review afforded by the VJRA and the newly amended statutory provisions, found at 38 U.S.C. § 4003, dealing with administrative reconsideration of BVA decisions.

It is therefore held that when an appeal is pending before this Court no action may be taken affecting any case except by order of this Court upon terms specified by it. It is further ordered that the Secretary's motions to dismiss are denied and that the injunctive relief sought is granted in accordance with this opinion. The cases shall proceed individually under the terms of the rules of this Court.