**Alcide D. PELLERIN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–445.**

United States Court of Veterans Appeals.

June 29, 1992.

Before MANKIN, Associate Judge.

ORDER

On June 15, 1992, appellant filed a motion for stay of further proceedings in this appeal. The grounds for appellant's motion is that he is attempting to reopen his claim at the Department of Veterans Affairs Regional Office, St. Petersburg, Florida (VARO), by submitting evidence which appellant believes is new and material to his claim. Appellant further argues that his reopened claim will consider the same issues presently before this Court on appeal. The Secretary of Veterans Affairs has not opposed appellant's motion.

Current jurisprudence, and this Court's precedent, has concluded that concurrent plenary jurisdiction is impermissible. The Court will permit an appeal to go forward only if any pending activity at the agency level is not outcome determinative of the issues on appeal. *Cerullo v. Derwinski*, 1 Vet.App. 195, 197 (1991). If appellant's evidence is accepted and his claim reopened, the VARO's decision may very well affect the outcome of this appeal.

Upon consideration of the foregoing, it is

ORDERED that proceedings in this appeal are stayed pending further order of the Court. It is further

ORDERED that appellant inform the Court within 30 days after the date of this order if he wishes to pursue his reopened claim at the VARO, or if he wishes to continue with his appeal before this Court based on the record on appeal. If he wishes to pursue his reopened claim at the VARO level, appellant is free to appeal from any future, adverse BVA decision, provided all jurisdictional requirements are met. It is further

ORDERED that if appellant wishes to continue his appeal before this Court, his brief will be due within 30 days after he so informs the Court.