**Victoriano C. LAUIGAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–140.**

United States Court of Veterans Appeals.

July 29, 1993.

Before MANKIN, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On January 5, 1993, the Board of Veterans' Appeals (BVA or Board) issued a decision which found that "[s]ervice connection for right and left shoulder disabilities, including osteoarthritis, is denied." The BVA decision failed to include an order denying appellant's claims, as required by 38 U.S.C.A. § 7104(d)(2) (West 1991). On January 22, 1993, actions were taken to return appellant's file to the Board so that a new BVA decision could be issued. On February 16, 1993, appellant filed a Notice of Appeal (NOA) with this Court. On June 18, 1993, the Board issued a new "corrected decision" to replace the January 5, 1993, decision.

On June 23, 1993, the Secretary of Veterans Affairs (Secretary) filed a Motion for Clarification and for Stay of Proceedings Pending the Court's Decision on this Motion. This motion was submitted to advise the Court that the action of the Board "might be deemed to conflict with the Court's holding in *Cerullo v. Derwinski*, 1 Vet.App. 195 (1991)." The Secretary asserted that it was not in conflict with *Cerullo* because in the instant case (1) the Board's action took place *before* the NOA was filed; and (2) the correction involved a minor, non-substantive error, rather than reconsideration of the case. On June 30, 1993, the Court submitted the Secretary's motion for clarification to a panel of the Court. By a single-judge order dated July 14, 1993, the Court granted a stay of pro-

ceedings pending the Court's decision on this motion for clarification.

■ The Court is presented with the issue of whether the Board may correct a minor, non-substantive, error in its decision, after appellant has filed an NOA with the Court. Although the Secretary asserts that the BVA took action on the case *before* appellant's NOA was filed, we disagree. The Board may have requested that appellant's file be returned before the NOA was filed; however, it did not issue the corrected decision until *after* appellant filed his NOA here.

Although *Cerullo* spoke to reconsideration by the Board after an NOA was submitted, its analysis and holding extend to the instant case as well. In *Cerullo,* the Court stated:

> Legal precedent is clear that the filing of an NOA confers plenary jurisdiction upon an appellate court. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 401–02, 74 L.Ed.2d 225 (1982) (per curiam).... We subscribe to this transfer of jurisdiction doctrine.

*Cerullo,* 1 Vet.App. at 196–97. The Court held that "when a timely NOA is filed with this Court from a final BVA decision, jurisdiction immediately lies in this Court. It is at this time also that BVA reconsideration is no longer possible (without the Court's permission) and that *the BVA is without jurisdiction to take further action on the case." Id.* at 198 (emphasis added).

In the instant case, on February 16, 1993, Mr. Lauigan filed a timely NOA from the final January 5, 1993, BVA decision. This· resulted in a transfer of jurisdiction to the Court. Thus, the BVA was divested of jurisdiction to take further action on the case.

■ The Court acknowledges that, pursuant to 38 U.S.C.A. § 7104(d)(2), "each decision of the Board shall include ... an order granting appropriate relief or denying relief." *See* 38 C.F.R. § 19.7 (1992). The January 5, 1993, BVA decision mistakenly omitted this intended provision. Rule 60(a) of the Federal Rules of Civil Procedure provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and *thereafter while the appeal is pending may be so corrected with leave of the appellate court.*

(Emphasis added.) This is the standard enunciated in *Zenith Electronics Corp. v. U.S.,* 884 F.2d 556 (Fed.Cir.1989). In *Zenith,* the Court followed *American Trucking Ass'ns, Inc. v. Frisco Transp. Co.,* 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958), in interpreting the second sentence of Rule 60(a), and determined that, after the timely filing of a notice of appeal, agency corrective action could be made only with the prior approval of the court in which the appeal is pending. 884 F.2d at 560–61. We adopt this reasoning set forth in *Zenith.*

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for clarification is granted. It is further

ORDERED that, since the BVA did not have jurisdiction to issue the June 18, 1993, decision, this appeal shall proceed on the basis of the January 5, 1993, Board decision. It is further

ORDERED that the stay in this case is dissolved. Within 15 days after this order, the Secretary shall file either (1) a motion for leave to correct the Board's January 5,1 993, decision or (2) a designation of the record on appeal.