Alcide D. PELLERIN, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 91–445.

United States Court of Veterans Appeals.

July 30, 1993.

As Amended Aug. 30, 1993.

Before NEBEKER, Chief Judge, and
MANKIN and HOLDAWAY, Judges.

### ORDER

PER CURIAM.

On June 15, 1992, appellant filed a motion for a stay of further proceedings in his appeal before the Court from an August 29, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for lumbar spine and lower extremity disabilities, and denied entitlement to a temporary total rating following surgery on appellant's left foot in February 1985. In his motion appellant informed the Court that he was attempting to reopen his claim at the Department of Veterans Affairs Regional Office (VARO) in St. Petersburg, Florida, by submitting evidence which he believes is new and material to

his claims for service connection. Appellant requested that the Court stay the instant appeal until the VARO rendered a determination as to whether his claim would be reopened. The Secretary of Veterans Affairs has not opposed appellant's motion.

In its order dated June 29, 1992, 2 Vet. App. 450, the Court, citing *Cerullo v. Derwinski*, directed appellant to state whether he wished to continue with his appeal before the Court or to pursue the reopening of his claim at the VARO. 1 Vet.App. 195, 197 (1991) (holding when timely Notice of Appeal (NOA) is filed with Court from final BVA decision, jurisdiction immediately lies with the Court and BVA reconsideration is barred). Appellant was also informed that if he decided to pursue the reopening of his claim, he would be free to appeal from any future adverse BVA decision, provided all jurisdictional requirements were met.

On July 20, 1992, appellant filed a motion for reconsideration of the Court's June 29, 1992, order. In his motion, appellant requests that the Court: (1) stay further proceedings while he seeks reopening of his claim at the VARO; (2) if a stay is not granted, that the Court permit him to maintain a reopened claim at the VARO at the same time that his appeal is before the Court; and, (3) if a stay is not granted and dual jurisdiction is not permitted, enlarge by 30 days from the date of the order upon the motion for reconsideration the time in which appellant must advise the Court of his choice between reopening or continuing his appeal with the Court.

Appellant argues that the facts of the instant case differ from the facts presented in *Cerullo*, where the Board was seeking, sua sponte, to vacate its decision so that it could reconsider appellant's claim, an action which would result in bypassing review by the Court of the original BVA decision. Appellant states that he does not seek to subvert judicial review, but only to stay proceedings pending further administrative review. In support of this approach, appellant cites an order (*Hancock v. Derwinski*, No. 91–445 (U.S.Vet.App. Apr. 29, 1991).) in which a single judge of

this Court granted a stay of proceedings in an appeal while appellant attempted to reopen his claim at the agency of original jurisdiction. Appellant also argues that by granting a stay, the Court's resources would be conserved in the event that the reopened claim is granted; and if appellant's claim is not reopened, two separate appeals on the same issues would be avoided.

■ As we have stated before, this Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990). The Court's jurisdiction attaches when a timely NOA is filed here from a final BVA decision. *Cerullo*, 1 Vet.App. at 198; *see* 38 U.S.C.A. § 7266 (West 1991). The Court has previously rejected the notion that dual plenary jurisdiction may be employed to permit a party to pursue both administrative and judicial review simultaneously. *Cerullo*, 1 Vet.App. at 197. Therefore, at the moment of filing of the NOA, the BVA is prohibited from considering the same issues that are on appeal before the Court. *Id.* If, however, the claim pending before the Board raises new or different issues than those pending before the Court, then the Board may proceed to adjudicate the new claim. The Court will permit the appeal in the instant case to go forward so long as any pending activity at the agency level is not outcome determinative of the issues on appeal. *See Cochran v. Birkel*, 651 F.2d 1219, 1221–22 (6th Cir.1981); *Cerullo*, 1 Vet.App. at 197.

■ We hold that appellant has initiated a new case at the VARO. The attempt to reopen the claim below is necessarily a new case by virtue of the fact that if it were reopened it would be on the basis of "new and material" evidence which was not considered prior to reopening. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). As required by *Manio*, upon reopening, this

new evidence will be considered with all of the prior evidence of record. *Id.* Thus, the case, in its totality, including *all* of the evidence, both old and new, gives rise to a new fact situation and a new case. Were the Court to dismiss the appeal and were appellant's claim to reopen to be denied by the VARO and the BVA for lack of new and material evidence under 38 U.S.C.A. § 5108 (West 1991), appellant will have lost his right to a review of the merits of the BVA decision and could receive judicial review of only the BVA's later decision finding that no new and material evidence existed upon which to reopen his claim. *Cf. Breslow v. Derwinski,* 1 Vet.App. 359, 363 (1991) (where motion for BVA reconsideration is denied, the most that would be reviewable on appeal would be Department of Veterans Affair's exercise of discretionary authority whether or not to grant reconsideration). Moreover, appellant might prevail on the issue of reopening at the BVA only to have this Court hold later that there was no new and material evidence to justify reopening of the claim.

Accordingly, it is

ORDERED that appellant's motion to stay appellate proceedings in this case is denied. It is further

ORDERED that appellant submit a brief within 30 days after the date of this order, limiting his arguments to matters and evidence considered in the August 29, 1990, BVA decision.