# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1305

WARREN L. JOHNSON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, *Chief Judge*, and KASOLD and HAGEL, *Judges*.

## O R D E R

Before the Court is the appellant's appeal of an August 7, 2002, decision of the Board of Veterans' Appeals (Board) that determined that he was not entitled to (1) special monthly compensation based on the need for regular aid and attendance or for being housebound; and (2) a certificate of eligibility for financial assistance in acquiring specially adapted housing (or special home adaptations). On May 14, 2004, this Court granted a motion by the appellant for expedited consideration and affirmed the Board decision. On June 2, 2004, the appellant filed a motion for panel decision. On September 8, 2004, the Court ordered the Secretary to respond to the motion within 30 days. On September 22, 2004, the Court ordered oral argument for October 27, 2004. On October 1, 2004, the Court granted the parties' joint motion to stay proceedings for 14 days, for the purpose of negotiating the terms of a joint resolution of this case. On October 21, 2004, the parties submitted a joint motion for remand of issue (2) above and a joint motion to terminate the appeal regarding issue (1) above. On October 22, 2004, the parties submitted a joint motion to stay the case pending a ruling on the two October 21 motions. On October 26, 2004, the Court revoked its order setting the matter for oral argument.

Upon consideration of the foregoing, it is

ORDERED that the October 21, 2004, joint motions are GRANTED. It is further

ORDERED that the October 22, 2004, joint motion to stay the case is DENIED as moot.

DATED:        November 19, 2004                    PER CURIAM.

KASOLD, *Judge*, dissenting in part: I respectfully dissent from the Court's grant of the parties' joint motion to vacate a decision by the Board of Veterans' Appeals (Board) that the appellant was not entitled to a certificate of eligibility for financial assistance in acquiring specially adapted housing or home adaptations and to remand that matter. The parties seek remand with vacatur because of developments that have taken place *after* the Board decision had already been rendered;

remand is *not* sought because of any Board error. This reason is not a proper basis for exercising the authority and power of the Court to vacate a final Board decision. *See* 38 U.S.C. §§ 7252(a), 7261(a); *see also Akers v. Principi*, 17 Vet.App. 561, 565-68 (2004) (Kasold, J., dissenting) (noting the limited situations in which this Court has the authority to vacate a Board decision).

I note that there are several appropriate options. First, the parties could have entered into a stipulated agreement to reopen the claim and moved for dismissal of the pending appeal. *See Breeden v. Principi*, 17 Vet.App. 475, 479 (2004) ("[J]oint motion premised upon an agreement by the parties 'effectively moots the case or controversy' before the Court.") (quoting *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992)); U.S. VET. APP. R. 42 (voluntary termination or dismissal); *see also Fortuck v. Principi*, 17 Vet.App. 173, 178 (2003) ("The Secretary must reopen a previously and finally disallowed claim when 'new and material evidence' is presented or secured."); *Aronson v. Brown*, 7 Vet.App. 153, 155 (1994) (where issue becomes moot, Court is divested of jurisdiction to consider it); *Cerullo v. Derwinski*, 1 Vet.App. 195, 201 (1991) (Secretary may not take action on a matter pending on appeal to this Court). Second, the parties could have ascertained whether the Board was agreeable to reconsidering its decision and, if so, requested the Court to relinquish its jurisdiction. *See Cerullo, supra.* Third, the parties could have moved the Court to remand the matter, without vacatur, for readjudication and issuance of a new decision. *See* 38 U.S.C. § 7252(a) (granting this Court authority "to remand the matter, as appropriate"); *see also Ohland v. Derwinski*, 1 Vet. App. 147, 150 (1991) (remanding without vacatur); *Sammarco v. Derwinski*, 1 Vet.App. 111, 114 (1991) (same). There are likely other appropriate options, but vitiating a perfectly proper Board decision is not, I believe, one of them.

For the foregoing reasons, I respectfully dissent.

2