**THIS VERSION OF THE ORDER INCLUDES THE JANUARY 14, 2010, ERRATA**

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 09-0685

ROBERT W. DRIES, PETITIONER,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges*.

**O R D E R**

On February 26, 2009, the petitioner, Robert W. Dries, through counsel, filed a petition for extraordinary relief in the form of a writ of mandamus requesting that this Court order the Secretary to implement the portion of the Board's April 9, 2008, decision (docket number 08-1621) that increased his disability rating for a skin condition to 50% while his appeal of that decision remains pending at this Court. Petition (Pet.) at 1, 6. The Secretary responded on May 19, 2009, asserting that filing a Notice of Appeal with this Court rendered the Board decision nonfinal and thus precluded VA from implementing the Board's award of increased ratings while the appeal for even greater ratings was pending before this Court. Secretary's Response at 4-5 (citing *Cerullo v. Derwinski*, 1 Vet.App. 195, 197 (1991)).

The Court heard oral argument on the petition on November 3, 2009, to address the issue of whether there is a jurisdictional impediment to VA implementing the portion of the April 2008 Board decision awarding a partial grant of benefits in the form of a 50% disability rating for a skin condition from December 1993 to August 2003 when the veteran's appeal of the Board's denial in its April 2008 decision of an even higher disability rating for his skin condition is pending before the Court. In her opening remarks, the Secretary's counsel stated:

> In keeping with VA's pro-veteran system, the Secretary wishes to reiterate his desire to implement the 50% grant for the skin disorder for December 1993 to August 2003. However, as stated in the Secretary's substantive pleadings, we believe that the current jurisprudence concerning jurisdiction and interpretation of jurisdictional statutes presents a barrier that would not permit jurisdiction.

On November 30, 2009, while this petition was still pending before the Court, the parties filed a joint motion for partial remand (JMR) in the underlying case, docket number 08-1621. The Court granted the JMR on December 9, 2009. In the appeal, the Secretary also filed a motion for

leave to correct the Board decision, specifically requesting permission to change the effective date of the assignment of the 60% rating from August 30, 2003, to August 30, 2002. The Court granted that motion on December 9, 2009.

This Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Three conditions must be met before a court may issue a writ: (1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

The approval by the Court of the parties' JMR and the Court's contemporaneous entry of judgment and mandate terminated this Court's jurisdiction over the appeal. Because any impediment, perceived or otherwise, to implementing the Board's award of benefits no longer exists, the Court expects that payment will be made promptly.

Accordingly, it is

ORDERED that the petitioner's February 26, 2009, petition for extraordinary relief in the form of a writ of mandamus is DISMISSED as moot.

DATED:  December 14, 2009                                    PER CURIAM.