**Gary E. JOHNSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–89.**

United States Court of Veterans Appeals.

Argued July 22, 1994.

Decided Sept. 28, 1994.

Ronald L. Smith, Washington, DC, for appellant.

Richard Mayerick, with whom Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

STEINBERG, Judge:

The appellant, Vietnam-era veteran Gary E. Johnson, appeals an October 26, 1992, Board of Veterans' Appeals (BVA or Board) decision denying a 100% rating for post-traumatic stress disorder (PTSD) and total disability based on individual unemployability (TDIU) due to service-connected disabilities. The Board denied entitlement to a 100% rating for PTSD because it found that the veteran did not exhibit "totally incapacitating psychoneurotic symptoms bordering on gross repudiation of reality", which is one of three criteria in 38 C.F.R. § 4.132, Diagnostic Code (DC) 9411, for a 100% rating. Record (R.) at 13. The Board denied TDIU, stating as follows: "[W]e do not find that the veteran is unemployable *solely* because of [his ser-vice-connected disabilities]". (Emphasis in original.) R. at 14.

## I. Arguments of the Parties

The appellant argues, inter alia, that the BVA erred in apparently requiring that the appellant's PTSD disability satisfy all three DC 9411 criteria for a 100% rating. Brief (Br.) at 14; *cf.* 38 C.F.R. §§ 4.7 ("[w]here there is a question as to which of two evalua-tions shall be applied, the higher evaluation will be assigned where the disability picture more nearly approximates the criteria re-quired for that rating"); 4.21 ("it is not ex-pected, especially with the more fully de-scribed grades of disabilities, that all cases will show all the findings specified") (1993). He argues that by failing to discuss whether the appellant's disability satisfied the other two criteria, the Board was implicitly conced-ing that those two criteria were satisfied. *Id.* at 19. He also argues that, under 38 C.F.R. § 4.16(a), the Board should not have considered the appellant's non-service-con-nected disabilities in determining whether he was "unable to secure or follow a substantial-ly gainful occupation". *Id.* at 22–23.

The Secretary confesses to numerous Board errors. He contends that this case should be remanded to the Board because it: (1) Failed to provide adequate reasons or bases, under 38 U.S.C. § 7104(d)(1), for de-nying a 100% schedular rating; (2) failed to cite independent medical authority to support its conclusions concerning the level of the appellant's impairment resulting from PTSD; and (3) failed to provide an analysis of the probative value of evidence in support of the claim. The Secretary also confesses that the Board may have applied an inappropriate standard in its evaluation of the issues.

In response to the Secretary's confession of errors and his request for remand, the appellant argues that the Court has no juris-diction to consider any assignments of error raised by the Secretary and not by the appel-lant "because the Secretary has not [filed] and may not file a [N]otice of [A]ppeal [NOA]." Reply Br. at 2.

On May 3, 1994, the Court ordered the Secretary to submit a supplemental memo-randum on the following two issues: (1) The

interpretation and application of the three criteria pertaining to a 100% rating for PTSD in light of 38 C.F.R. §§ 4.7 and 4.21 and 38 U.S.C. § 5107(b) (benefit of the doubt); and (2) the applicability, if any, of 38 C.F.R. § 4.16(c) (1993) to a veteran who has a compensable service-connected disability in addition to a 70%–rated service-connected mental disorder. *See Martin (Roy) v. Brown,* 4 Vet.App. 136, 141 (1993) (Steinberg, J., concurring). The order permitted the appellant to file a response within 15 days after service of the Secretary's memorandum.

On June 30, 1994, the Secretary filed a supplemental memorandum in response to the Court's order. In response to issue (1), the Secretary stated, inter alia, that "the criteria in 38 C.F.R. § 4.132, DC 9411[,] for a 100% rating *are each independent bases for granting a 100% rating.*" Supplemental (Suppl.) Mem. at 2 (emphasis added). In response to issue (2), the Secretary stated, inter alia: "38 C.F.R. § 4.16(c), by its terms, is inapplicable to a veteran who has a compensable service-connected disability in addition to a 70%–rated service-connected mental disorder. However, it was not intended to be a limiting regulation and it is not narrowly applied." Suppl. Mem. at 8. The Secretary elaborated:

> The reasoning behind awarding a 100% schedular rating under section 4.16(c) for veterans having a mental disorder rated at 70% applies equally well in other cases involving mental disorders which are the cause of unemployability, regardless of whether another compensable service-connected disability is or is not present. The Secretary is aware that the 70% "requirement" of 4.16(c) may be superfluous in light of the fact that whenever unemployability is caused solely by a service-connected mental disorder, regardless of its current disability rating, a 100% schedular rating is warranted under section 4.132. Therefore, section 4.16(c) is not a limiting provision but an additionally encompassing provision, albeit perhaps, superfluous. Actually, it may be deemed more a procedural device than a regulation which confers a substantive benefit.

*Ibid.* The appellant did not file a response to the Secretary's supplemental memorandum.

## II. Analysis

**A. Secretary's Confession of Errors:** The appellant argues that the Secretary's confession of error here is akin to "seeking review in this Court of a decision by the Board", and that, pursuant to 38 U.S.C. § 7252(a), the Secretary cannot seek such review. He states:

> Only "a person adversely affected" by a decision of the Board may appeal to this Court. 38 U.S.C.A. § 7266(a). The Secretary is not only prohibited from filing a[n NOA], he "may not seek review" in any manner. 38 U.S.C. § 7252(a).... It is beyond doubt that when the Secretary attempts to have a decision of the Board overturned by making his own assignments of error[,] he is not defending the decision but seeking review, i.e. challenging the decision, on different grounds.

Reply Br. at 2–3. The appellant cites a number of cases for the proposition that "[e]ach party seeking to act independently to overturn or modify a judgment must file a[n NOA]", and that "[t]he filing of a[n NOA] is mandatory and jurisdictional." Reply Br. at 3. He quotes *United States v. American Ry. Express,* 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1924), for the proposition that "a party who does not appeal from a final decree ... cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party.... [T]he appellee may not attack the decree with a view to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below." Reply Br. at 4.

The Court agrees that section 7252(a) prevents the Secretary from seeking review of a BVA decision. However, the appellant appears to confuse the Secretary's broad role in representing the Department before the Court with "seeking review". Pursuant to 38 U.S.C. § 7263(a), the "Secretary shall be represented before the Court of Veterans Appeals by the General Counsel of the Depart-

ment [of Veterans Affairs (VA) ]." The proper role of the VA General Counsel (and attorneys in his or her office) with regard to the Court is governed by the general obligations that an attorney has as an officer of the Court and by the special functions of the VA General Counsel.

As to the General Counsel's general responsibilities, Rule 3.3(a)(3) of the American Bar Association's Model Rules of Professional Conduct, the Code of Professional Responsibility, adopted in Rule 1(b) of the Appendix to Rule 46 of this Court's Rules of Practice and Procedure [Court's Rules] (*see* Misc. Order No. 3–92 (Aug. 1, 1992) (en banc)), states: "A lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel". MODEL RULES OF PROFESSIONAL CONDUCT Rule 3.3(a)(3) (1991). The Secretary's confession of errors here is thus a disclosure of legal authority, "not disclosed by opposing counsel", that is worthy of the Court's attention, not its disregard.

Further, Rule 5 of the Court's Rules permits suspension of appellate proceedings "by motion of the Secretary for reasons of confession of error, by specifying the error below and the proceedings or remedy deemed to be appropriate on remand", and Rule 28(b)(2) requires that when a confession of error is made, "and the relief the Secretary deems appropriate as to the confession of error is different from that sought by the appellant, the Secretary shall include a statement of confession in the brief and identify the relief thereunder that is deemed appropriate." U.S.Vet.App. R. 5, 28(b)(2); *see also MacWhorter v. Derwinski,* 2 Vet.App. 655, 656 (1992). In *Cerullo v. Derwinski,* 1 Vet. App. 195, 200 (1991), the Court, in the context of a motion for BVA reconsideration, clearly sanctioned Secretarial confessions of error as to appeals before this Court. As we stated there:

> [A] remand motion may be the result of a decision by the Secretary to confess error, [by] the Chairman, or [by] the Board itself, or settlement negotiations involving the veteran. The motion must clearly articu-

late the reasons for the remand request and the nature of the proceedings proposed by the Secretary. The other party will be afforded an opportunity to respond. We note that in some instances the BVA may wish to confess error as to one aspect of an appeal but argue other issues. This is permissible.

Hence, the Court having adopted, in contemplation of the Secretary's broad role and responsibility in connection with cases in this Court, Rules specifically envisioning and inviting Secretarial confessions of errors, we would be remiss in failing to consider the errors here confessed.

Moreover, there has been a Congressional awareness that the General Counsel's function of "represent[ing] the Department", 38 U.S.C. § 7263(a), includes a general obligation "to also represent the veteran[,] ... to look at all sides of the case", "to see that the veteran gets what he or she is entitled to", to confess error and suggest remand where indicated, to attempt to "settle cases", and, generally, to help "ensure that [VA] applies Court-based principles and [achieves] consistency" between VA and Board application of Court-based principles. *See Nominations of Jo Ann Krukar Webb, Sylvia Chavez Long, James A. Endicott, Jr., and Allen B. Clark, Jr., for positions in the Department of Veterans Affairs: Hearing Before the Senate Comm. on Veterans' Affairs,* 102d Cong., 1st Sess. 12–19 (1991) (testimony of James A. Endicott, Jr., nominee to be VA General Counsel, in response to questions from Chairman Cranston and Sen. Thurmond).

■ The appellant argues further that because the Secretary did not, and may not, file an NOA, the Court does not have jurisdiction to consider the reasons-or-bases errors he raises. However, jurisdiction is "the right or power of a tribunal to act", *Stokes v. FAA,* 761 F.2d 682, 685 (Fed.Cir.1985) (citing *Binderup v. Pathe Exchange,* 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308 (1923)), or, more specifically, "the power ... to hear and decide a case", *Spruill v. MSPB,* 978 F.2d 679, 686 (Fed.Cir.1992). The law has specifically assigned to this Court "exclusive jurisdiction to review decisions of the Board". 38 U.S.C. § 7252(a). In carrying out this review, the

Court is directed to, inter alia, "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action by the Secretary". 38 U.S.C. § 7261(a)(1). Under this broad authority—indeed, mandate—to carry out comprehensive judicial review of BVA decisions, the Court undoubtedly would have jurisdiction to consider those same Board errors if raised by the appellant or noted, sua sponte, by the Court itself. Hence, the fact that these errors were here raised by the Secretary cannot deprive the Court of jurisdiction to consider them.

In view of the foregoing, although the Court does not dispute the appellant's contention that in order to seek court review a party must file an NOA, *see* 38 U.S.C.A. § 7266(a); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam); *Jurgens v. McKasy,* 905 F.2d 382, 385 (Fed. Cir.1990); *McCall v. Brown,* 6 Vet.App. 215, 217 (1994) (per curiam order); *Cerullo,* 1 Vet.App. at 197, the Court does not find merit in the appellant's arguments equating confession of errors with "seeking review".

■ *B. Interpretation of DC 9411 and 38 C.F.R. § 4.16(c):* "In situations in which 'the meaning of [regulatory] language is not free from doubt,' the reviewing court should give effect to the agency's interpretation so long as that interpretation is 'reasonable' ", *Martin v. Occupational Safety and Health Review Comm'n,* 499 U.S. 144, 150, 111 S.Ct. 1171, 1176, 113 L.Ed.2d 117 (1991) (quoting *Ehlert v. United States,* 402 U.S. 99, 105, 91 S.Ct. 1319, 1323, 28 L.Ed.2d 625 (1971), unless it is "inconsistent with the statutory mandate or . . . frustrate[s] the policy that Congress sought to implement", *Federal Election Comm'n v. Democratic Senatorial Campaign Comm.,* 454 U.S. 27, 32, 102 S.Ct. 38, 42, 70 L.Ed.2d 23 (1981)). *See William A. Smith v. Brown,* 35 F.3d 1516, 1526–27 (Fed.Cir.1994). In the instant case, although neither DC 9411 nor 38 C.F.R. § 4.16(c) is derived from any specific statutory provision, each was validly prescribed pursuant to the Secretary's general authority under 38 U.S.C. § 1155 to adopt a "schedule of ratings" of disabilities that is "based, as far as practicable, upon average impairments of earning capacity". *See Butts v. Brown,* 5 Vet.App. 532, 539 (1993); *Fanning v. Brown,* 4 Vet.App. 225, 230 (1993); *Brady v. Brown,* 4 Vet.App. 203, 206 (1993). The Court holds that the Secretary's interpretations of the two regulations are reasonable and not in conflict with any statutory mandate, policy, or purpose.

## III. Conclusion

Upon consideration of the record and the pleadings and arguments of the parties, the Court vacates the October 26, 1992, BVA decision and remands the matter to the Board for prompt readjudication, in accordance with this opinion, on the basis of all evidence and material of record and applicable provisions of law and regulation. In accordance with the Court's sustaining of the Secretary's interpretation in his response to issue (1), upon remand the Board shall determine whether the appellant's PTSD disability meets any one of the three independent criteria required for a 100% PTSD rating. If the Board determines that one of the criteria is met, it shall award a 100% rating. The Board shall also consider, in light of the Court's sustaining of the Secretary's interpretation in his response to issue (2) that § 4.16(c) is not a limiting regulation, whether the appellant is entitled to TDIU under that provision. Finally, the Board shall determine, in accordance with the provisions of § 4.16(a), whether the appellant is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities" without regard to "the existence or degree of [his] non[-]service-connected disabilities". 38 C.F.R. § 4.16(a) (1993).

**VACATED AND REMANDED.**