# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1547

MARCELLA C. JOHNSON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and STEINBERG, *Judges*.

## O R D E R

The appellant, Marcella C. Johnson, appeals, through counsel, a May 1999 decision of the Board of Veterans' Appeal (Board) which determined that the veteran's son, Robert W. Johnson, Jr., may not be recognized as a helpless child.

On November 9, 2000, the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000), was enacted. On April 10, 2001, the Secretary, pursuant to an order by the Court to show cause, filed a motion for remand in light of the enactment of the VCAA. Pursuant to section 7(a)(2) of the VCAA, the amendment to section 5107 is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date." *See Holliday v. Principi*, 14 Vet.App. 280 (2001) (holding all sections of VCAA are retroactive). In *Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991), this Court held that where a statute or regulation changes during the appellate process, the version most favorable to the claimant will apply. Moreover, it is not the function of this Court to determine in the first instance which version of the law is most favorable to the claimant. *See Baker v. West*, 11 Vet.App. 163 (1998); *Dudnick v. Brown*, 10 Vet.App. 79 (1997). Accordingly, a remand is required in order to provide the Board with an opportunity to readjudicate the appellant's claim.

On remand, the appellant is free to submit additional evidence and arguments necessary for the resolution of his claim. *Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999). The Board shall proceed expeditiously. *See* Veterans Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claim remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted, the Board's May 1999 decision is VACATED and the matter is REMANDED for further adjudication.


DATED:      October 26, 2001                              PER CURIAM.