# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1889

ANTHONY J. DIORIO, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided      July 18, 2006   )

*Robert V. Chisholm*, of Providence, Rhode Island, was on the brief for the appellant.

*Tim S. McClain,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *William L. Puchnick*, Acting Deputy Assistant General Counsel; and *Edward V. Cassidy, Jr.*, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, MOORMAN, and DAVIS, *Judges*.

DAVIS, *Judge*:  The appellant, Anthony J. Diorio, appeals, through counsel, a September 25, 2003, decision of the Board of Veterans' Appeals (Board or BVA) that denied entitlement to an increase in staged disability ratings in excess of 10% through August 1998; 30% through December 2002; and 50% effective December 2002, for a service-connected depressive and dysthymic disorder. Both parties filed briefs and agree that the Board decision should be vacated[1] and remanded to comply with VA's duty to notify and to allow VA to obtain Mr. Diorio's Social Security records. On

---

[1] Although 38 U.S.C. § 7261 instructs the Court in appropriate cases to "set aside" decisions of the Board, in taking such action the Court has traditionally used the term "vacate" to describe that action. We note that this Court uses the terms "vacate" and "set aside" interchangeably. The verb "vacate" is defined as "to nullify, cancel; make void; invalidate," while the verb phrase "set aside" is defined as "to annul or vacate (a judgment, order, etc.)." BLACK'S LAW DICTIONARY 1376, 1546 (7th ed. 1999). We conclude that no distinction exists between the use of the term "set aside" and "vacate." *Virgin Islands Tel. Corp., v. FCC*, 444 F.3d 666, 671 (D.C. Cir. 2006) ("'Set aside' usually means 'vacate.'"); *Checkosky v. SEC*, 23 F.3d 452, 491 (D.C. Cir. 1994) ("Setting aside means vacating; no other meaning is apparent."). While both terms can be used interchangeably, to be consistent with the language employed by Congress, and for the purpose of deciding this case, we will use the term "set aside."

appeal we will consider whether, in light of our holding in *Johnson v. Brown*, 7 Vet.App. 95 (1994), each of the two criteria for a 70% disability rating, as set forth in the general rating formula for psychoneurotic disorders under 38 C.F.R § 4.132, Diagnostic Code (DC) 9411 (1996), should serve as independent bases. For the reasons set forth below, the Court will set aside the Board's denial of an increase in staged disability ratings and remand the matter for readjudication consistent with this opinion.

## I. BACKGROUND

Mr. Diorio served honorably in the U.S. Air Force from August 1952 to June 1956. In July 1993, he filed a claim for service connection for depression. In a March 1994 rating decision, the Buffalo, New York, regional office (RO) denied the claim, which was affirmed by the Board in a May 1997 decision, and affirmed again by the Court in September 1999. The U.S. Court of Appeals for the Federal Circuit remanded the case to the Court in February 2001, and the Court, in its March 2001 decision, vacated the Board's May 1997 decision.

In August 1999, the RO granted Mr. Diorio service connection for a depressive and dysthymic disorder (hereinafter"psychiatric disorder"), rated at 30% disabling, effective August 1998. In August 2001, the Board remanded Mr. Diorio's claim and concluded that the effective date for the grant of service connection for his claim should relate back to July 1993, the date of the original claim, pursuant to 38 C.F.R. § 3.400(b)(2) (2005). On remand, in November 2001, the RO granted an earlier effective date for Mr. Diorio's psychiatric disorder of July 21, 1993, rated at 10% disabling through August 1998 and 30% disabling effective August 31, 1998.

A VA psychiatric examination was performed in December 2002, pursuant to the Board's August 2001 remand order. The examiner concluded that the appellant's dysthymia, which had been "mild" in 1999, had noticeably worsened since that time. Record (R.) at 406. He further stated:

> The social functioning is markedly impaired. He spends much of the time by himself although his girlfriend apparently comes by at least in the evening and cooks his meals. . . . I believe his ability to derive pleasure from his life is *severely impaired.* I believe if he were a candidate for employment, his ability to work would also be *severely impaired . . . .*

R. at 406-07 (emphasis added).  The examiner diagnosed the psychiatric disorder as chronic and severe, and ruled out major depression, assigning a Global Assessment of Functioning score of 50. Following the VA psychiatric examination, in January 2003, the RO granted an increased disability rating from 30% to 50% for Mr. Diorio's psychiatric disorder, effective December 2002.

In September 2003, the Board issued its decision on appeal and denied an increase in staged ratings for Mr. Diorio's psychiatric disorder.  The Board considered the rating schedule for psychoneurotic disorders, prior to its amendment on November 7, 1996, as well as the current rating schedule for mental disorders.  The Board determined that, based on the rating schedules and the findings in the 2002 VA psychiatric examination, neither the former nor the revised rating criteria were more favorable to the veteran's claim.  The Board noted that a disability rating of 50% "is entirely appropriate and fully comports with the applicable schedular criteria." R. at 18.  The Board concluded therefore, that a disability rating in excess of 50% for Mr. Diorio's psychiatric disorder was not warranted.

## II.  CONTENTIONS ON APPEAL

Mr. Diorio does not appeal the Board's denial of service connection for his claim of chronic fatigue syndrome; therefore, this matter is considered abandoned on appeal. *See Grivois v. Brown*, 6 Vet.App. 136, 138 (1994).  As to the Board's denial of an increased disability rating in excess of 50% for a psychiatric disorder, effective December 2002, Mr. Diorio argues for reversal of the Board decision.  Specifically, he submits that the two criteria for a 70% rating set forth in the pre-amendment version of 38 C.F.R. § 4.132, DC 9411 (1996), are independent bases for granting that rating according to the Court's holding in *Johnson*.  Appellant's Brief (Br.) at 11.  He argues that the medical evidence demonstrates that he should be awarded a 70% disability rating because his "ability to establish and maintain effective or favorable relationships with people is severely impaired." *Id*. He also asserts that remand is required on the basis of VA's failure to obtain his Social Security Administration (SSA) records.  Finally, Mr. Diorio argues that VA failed to comply with the duty to notify as provided by the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (VCAA).

The Secretary concedes that remand is the appropriate remedy here because the VA was on notice of SSA records pertaining to the appellant, but did not procure such records in violation of the duty to assist. Also, the Secretary states that on remand, Mr. Diorio should be afforded VCAA-compliant notice.

## III. ANALYSIS

### A. Applicable Law and Regulations

The starting point for interpreting a regulation is its language. *Otero-Casto v. Principi*, 16 Vet.App. 375, 380 (2002) (recognizing "the basic principles applied to construing statutes apply equally to construing regulations."). "Each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole." *Talley v. Derwinski*, 2 Vet.App. 282, 286 (1992). The Court reviews questions of regulatory interpretation de novo. *See* 38 U.S.C.§ 7261(a)(1). Where the meaning of a regulation is clear from the language, that is the end of the matter. *Jackson v. Nicholson*, 19 Vet.App. 207, 210 (2005) (citing *Brown v. Gardner*, 513 U.S. 115, 120 (1994)). "In situations in which 'the meaning of [regulatory] language is not free from doubt,' the reviewing court should give effect to the agency's interpretation so long as that interpretation is 'reasonable.'" *Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 150 (1991) (quoting *Ehlert v. United States*, 402 U.S. 99, 105 (1971)); *see Smith v. Nicholson*, No. 05-7168, 2006 WL 1667936 (Fed. Cir. June 19, 2006)."The Court may not review the schedule of ratings for disabilities." 38 U.S.C. § 7252(b). Therefore, consistent with the statutory limitations on our jurisdiction, we apply the Secretary's interpretation of the rating schedule as accepted by this Court in *Johnson v. Brown*. *See Sellers v. Principi*, 372 F.3d 1318, 1324 (Fed. Cir. 2004) (holding that Court had jurisdiction to entertain challenge to VA interpretation of 38 C.F.R. § 4.130).

By regulatory amendment, effective November 7, 1996, changes were made to the rating schedule titled "General Rating Formula for Psychoneurotic Disorders" under 38 C.F.R. § 4.132, DC 9411; 61 Fed.Reg. 52,700. As a result, the rating-schedule criteria for psychoneurotic disorders were modified, and the schedule is now titled "General Rating Formula for Mental Disorders," and is located under 38 C.F.R. § 4.130, DC 9440. Because Mr. Diorio's claim was pending at the time the

regulation was amended, he is entitled to the application of the criteria most favorable to his claim. *See Swann v. Brown*, 5 Vet.App. 229, 232 (1993) (recognizing that where law is amended during pendency of appellant's claim, most favorable version applies); *see also Rodriguez v. Nicholson*, 19 Vet.App. 275, 287 (2006). The pre-amendment version of 38 C.F.R. § 4.130 is therefore relevant to the Court's analysis:

> General Rating Formula for Psychoneurotic Disorders:
>
> The attitudes of all contacts except the most intimate are so adversely affected as to result in virtual isolation in the community. Totally incapacitating psychoneurotic, symptoms bordering on gross repudiation of reality with disturbed thought or behavioral processes associated with almost all daily activities such as fantasy, confusion, panic, and explosions of aggressive energy resulting in profound retreat from mature behavior. Demonstrably unable to obtain or retain employment.....100%
>
> Ability to establish and maintain effective or favorable relationships with people is severely impaired. The psychoneurotic symptoms are of such severity and persistence that there is severe impairment in the ability to obtain or retain employment.......................................................................................................70%
>
> Ability to establish or maintain effective or favorable relationships with people is considerably impaired. By reasons of psychoneurotic symptoms the reliability, flexibility and efficiency levels are so reduced so as to result in considerable industrial impairment.......................................................................................50%

38 C.F.R § 4.132, DC 9411 (1996).

   B. Ambiguity in the Rating Schedule under 38 C.F.R. § 4.132, DC 9411 (1996)

The relationship between the criteria for a 70% rating under 38 C.F.R. § 4.132, DC 9411 (1996) is ambiguous. The two criteria described under a 70% rating focus on a veteran's ability to maintain effective relationships with people and a veteran's ability to obtain or retain employment. *See* 38 C.F.R. § 4.132, DC 9411 (1996). The plain language of DC 9411 fails to indicate whether these two criteria are independent bases or, in the alternative, whether the criteria are to be read in conjunction with one another, so that both criteria must be present before a 70% rating is granted. In *Johnson* this Court considered a claim for an increased disability rating from 70% to 100% under 38 C.F.R. § 4.132, DC 9411 (1996). *Johnson*, 7 Vet.App. at 95. The Court adopted the Secretary's interpretation of the rating criteria for a 100% disability rating under 38 C.F.R. § 4.132, DC 9411

(1996) and concluded that it was reasonable, so that "the criteria in 38 C.F.R. § 4.132, DC 9411[,] for a 100% rating *are each independent bases for granting a 100% rating.*" *Id.* at 97.

Mr. Diorio argues that the Court's conclusion in *Johnson* must be similarly applied here, so that both criteria for a 70% rating should be considered as independent bases. We agree. At the outset, we note that the Secretary has not provided guidance on the interpretation of the criteria for a 70% rating under 38 C.F.R. § 4.132, DC 9411 (1996). However, as noted above in *Johnson,* the Secretary concluded that the criteria for a 100% disability rating, under the very same rating schedule, were "*independent bases for granting a 100% rating.*" *See Johnson, supra.* The criteria described under a 70% rating (as well as ratings of 100%, 50% and 30%) focus on (1) a veteran's ability to "maintain effective or favorable relationships with people" and (2) the effect of the psychoneurotic symptoms on the veteran's ability "to obtain or retain employment." *Id.* Similar to the structure of the paragraph for a 100% rating, the criteria for a 70% rating are contained in sentences separated by a period. *See* 38 C.F.R. § 4.132, DC 9411 (1996). In no case does the sentence structure indicate whether the sentences are considered dependent on or independent of the other. The Court concludes that the syntax used for a 100% and a 70% disability rating is identical. As a result, any conclusion as to the interpretation of the criteria for a 100% rating can also be applied to the criteria for a 70% rating under 38 C.F.R. § 4.132, DC 9411 (1996). Therefore, in accordance with the Secretary's interpretation in *Johnson*, we hold that the two criteria for a 70% rating under 38 C.F.R. § 4.132, DC 9411 (1996) are each independent of the other.

## C. Board Denial of an Increased Disability Rating

We now consider the Board's determination that Mr. Diorio was not entitled to a disability rating in excess of 50% for his psychiatric condition and conclude that the Board failed to provide an adequate statement of reasons and bases. The Board must consider all evidence of record and discuss in its decision all "potentially applicable" provisions of law and regulation. *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *see* 38 U.S.C. § 7104(a). The Board is also required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; that statement must be adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate informed review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995);

*Gilbert v. Derwinski*, 1 Vet.App. 1 Vet.App. 49, 56-57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. *See Gabrielson v. Brown*, 7 Vet.App. 36, 39-40 (1994); *Gilbert, supra*.

The Board's conclusion that neither the former nor the revised rating criteria for psychoneurotic disorders were more favorable to the veteran's claim was unsupported by an adequate statement of reasons or bases. The Board provided no discussion in support of its conclusion that "neither the former or revised applicable criteria are clearly more favorable to the veteran's claim." R. at 13. The Board cited the rating criteria for both versions of the DC. Without further explanation, this statement does not facilitate an informed review by this Court.

Based on our holding that the two criteria for a 70% disability rating under 38 C.F.R. § 4.132, DC 9411 (1996), are independent of the other, and based on the evidence of record, the criteria for a 70% disability rating under the pre-amendment version of the DC may be more favorable to Mr. Diorio than the criteria for the same rating under the revised version, 38 C.F.R. § 4.130, DC 9440 (2005). *See Swann*, *supra*. For example, the rating schedule for a 70% disability rating under the revised version consists of numerous criteria, organized in seven clauses, and requires that a veteran demonstrate "[o]ccupational *and* social impairment, with deficiencies in *most* areas, such as work, school, family relations, judgment, thinking, or mood." 38 C.F.R. § 4.130, DC 9440 (2005) (emphasis added). However, under the pre-amendment version of the DC, a 70% rating comprises two criteria, social impairment *or* occupational impairment, where the degree of social impairment is considered for the limited purpose of assessing the severity of the occupational impairment. *See Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991) (under DC 9411 social impairment employed only to assist evaluating industrial impairment for disability rating in excess of 30%). Whether the criteria for a 70% disability rating under the pre-amendment version of the DC are more favorable than the rating schedule for a 70% disability rating under the revised version is a determination for the Board to make in the first instance. *See Johnson v. Principi*, 15 Vet.App. 252 (2001); *see also Dudnick v. Brown*, 10 Vet.App. 79 (1997). Therefore, on remand, the Board will consider Mr. Diorio's claim for an increased rating from 50% to 70% disabling, in light of our holding that criteria

7

for a 70% rating under 38 C.F.R. § 4.132, DC 9411 (1996) are each considered independent of the other.

D.  Remand for VA to Obtain SSA Records and Comply with VCAA

Mr. Diorio argues, and the Secretary concedes, that the Board decision on appeal should be remanded so that VA can obtain Mr. Diorio's SSA records and afford him VCAA-compliant notice. The failure to obtain such records violates the Secretary's duty to assist.  *See Murincsak*, 2 Vet.App. 363, 372 (1992) (recognizing that Secretary's duty to assist includes obtaining and reviewing an SSA decision and all such SSA records and giving them appropriate consideration and weight).  In addition, noncompliance by VA with the statutory notice requirements under 38 U.S.C. § 5103 is remandable error.  *See Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002) (remanding for VA to obtain veteran's SSA records and for compliance with the statutory requirements of 38 U.S.C. § 5103).  Therefore, the Court will remand the 2003 Board decision so that VA can request and review Mr. Diorio's SSA records and afford him VCAA-compliant notice consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Mayfield v. Nicholson*, 444 F.3d 1328 (Fed. Cir. 2006).

## IV.  CONCLUSION

Upon consideration of the foregoing, the Board's decision denying an increase in staged disability ratings in excess of 10% through August 1998, 30%  through December 2002, and  50% effective December 2002 is set aside and remanded.  *See* 38 U.S.C. § 7252(a). Upon remand, the Board must apply our holding that the criteria for a 70% rating under 38 C.F.R. § 4.132, DC 9411 (1996) are each independent of the other.  In addition, VA will obtain Mr. Diorio's SSA records and afford him VCAA-compliant notice.  Mr. Diorio will also be free to submit additional evidence and argument on the claim, and the Board is required to consider any such evidence and argument.  *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002).  The Court expects that the Board will provide expeditious treatment of this matter on remand.  *See* 38 U.S.C. § 7112.

SET ASIDE AND REMANDED.