﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190329-6893
DATE: August 31, 2020

ORDER

A rating in excess of 20 percent for diabetes mellitus, type II, is denied. 

REMANDED

Entitlement to service connection for kidney condition as secondary to diabetes mellitus type II is remanded.

Entitlement to service connection for erectile dysfunction as secondary to diabetes mellitus type II is remanded.

FINDING OF FACT

1. The Veteran’s diabetes mellitus type II is managed through insulin and a restricted diet. 

2. The Veteran’s diabetes mellitus type II does not require regulation of activities. 

CONCLUSION OF LAW

1. The criteria for a rating in excess of 20 percent for diabetes mellitus type II, have not been met. 38 U.S.C. §§ 1155, 5107, (2012); 38 C.F.R. § 4.119, Diagnostic Code 7913 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran honorably served on active duty in the United States Marine Corps from January 1966 to December 1969 to include service in the Republic of Vietnam. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a March 2019 rating decision from the Agency of Original Jurisdiction (AOJ). The Veteran opted into the Appeals Modernization Act (AMA) through the RAMP program after an August 2018 rating decision, where the Veteran selected a higher-level review by the AOJ. The AOJ conducted a higher-level review and issued a rating decision in March 2019 denying all of the claims currently before the Board. The Veteran filed a timely Notice of Disagreement (NOD) on a Form 10182 in March 2019 and selected the hearing docket. The hearing was held in January 2020. This matter is properly before the Board. 

Increased Rating for Diabetes 

The Veteran contends that he is entitled to a higher rating for his diabetes mellitus type II, which is currently assigned a 20 percent disability rating pursuant to Diagnostic Code 7913. 

Disability ratings are determined by the application of the VA’s Schedule for Rating Disabilities. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. § Part 4. Ratings for service-connected disabilities are determined by comparing the Veteran’s symptoms with criteria listed in VA’s Schedule for Rating Disabilities, which is based, as far as practically can be determined on average impairment in earning capacity. Where there is a question as to which of the two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. 

The Veteran’s entire history is to be considered when making disability evaluations. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where the question for consideration is the propriety of the initial evaluation assigned, evaluation of the medical evidence since the grant of service connection is required. Fenderson v. West, 12 Vet. App. 119, 126 (1999). The Board will also consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

In making all determinations, the Board must fully consider the lay assertions of record. A Veteran is competent to report on that of which he or she has personal knowledge. Layno v. Brown, 6 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F. 3d 1372, 1376-77 (Fed. Cir. 2007). 

Under Diagnostic Code 7913, a 10 percent evaluation is warranted for diabetes mellitus manageable by restricted diet only. 20 percent evaluation is warranted for diabetes mellitus requiring insulin and restricted diet; or an oral hypoglycemic agent and restricted diet. A 40 percent evaluation is warranted for diabetes mellitus requiring insulin, restricted diet, and regulation of activities. A 60 percent evaluation is warranted for diabetes mellitus requiring insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated. A 100 percent evaluation is warranted for diabetes mellitus requiring more than one daily injection of insulin, restricted diet, and regulation of activities (avoidance of strenuous occupational and recreational activities) with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately evaluated. Compensable complications of diabetes are to be evaluated separately unless they are part of the criteria used to support a 100 percent evaluation. Noncompensable complications are considered part of the diabetic process under Diagnostic Code 7913. See Note (1) to 38 C.F.R. § 4.119, Diagnostic Code 7913. 

The Court has held that in order to demonstrate a regulation of activities, “medical evidence” is required to show that both occupational and recreational activities have been restricted. Camacho v. Nicholson, 21 Vet. App. 360, 364 (2007). The phrase “regulation of activities” means “avoidance of strenuous occupational and recreational activities.” Camacho, 21 Vet. App. at 362. (quoting 38 C.F.R. § 4.119, Diagnostic Code 7913 (defining the term within the criteria for a 100 percent rating)). 

“Successive” rating criteria in a diagnostic code is where the evaluation for each higher disability rating includes the criteria of each lower disability rating, such that if a component is not met at any one level, a veteran can only be rated at the level that does not require the missing component. Tatum v. Shinseki, 23 Vet. App. 152, 156 (2009). For example, Diagnostic Code 7913 is successive in nature because each higher evaluation requires the elements of the lower evaluation: the 10 percent evaluation requires a restricted diet; the 20 percent evaluation requires a restricted diet and insulin or oral hypoglycemic agent; the 40 percent evaluation requires insulin, restricted diet, and regulation of activities; and so forth. Camacho, 21 Vet. App. at 366. 

Analysis

The Board has carefully considered the Veteran’s contention that he is entitled to an increased disability rating of his service-connected diabetes mellitus type II, which was previously rated at 20 percent disabling. The Board finds that the criteria for a rating in excess of 20 percent were not met. 

In a hearing held before the Board in January 2020, the Veteran testified that he sees his primary care physician two or three times per year. He also testified that he sees his PharmD quarterly for medication management. The Veteran further testified that he has hypoglycemic episodes about once or twice a month. However, the Veteran has not been hospitalized for any episodes because he resolves them by taking in some orange juice or glucose. The Veteran was asked on the record if he was given a formal prescription for regulation of activities, and the Veteran advised that he did not know of any such prescription. Upon review of the record, there is no indication of a prescription or medical order advising for regulation of activities. The record reflects that the Veteran takes insulin and has a restricted diet. 

The Veteran was afforded a VA examination in November 2016. The November 2016 VA examiner indicated that the Veteran does not require regulation of activities and that the frequency of the Veteran’s visits for diabetic care is less than two times per month. The Veteran had another VA examination in March 2018. The March 2018 VA Examiner found that the Veteran does not require regulation of activities as part of his medical management of diabetes mellitus. 

Review of the evidence shows that the Veteran’s diabetes mellitus type II has been managed by insulin and restricted diet, but there is no medical evidence that the Veteran has been prescribed regulation of activities as defined by Camacho. Additionally, the Veteran has not made any assertions through his own testimony that he has had to regulate his activities. Both the 2016 and 2018 VA Examiners noted that the Veteran did not require regulation of his activities. There is no indication within the record that the Veteran had any episodes of ketoacidosis or hypoglycemic reactions that required him to be hospitalized. The Veteran, in his own testimony stated clearly that he has been able to manage his diet, insulin and episodes of hypoglycemia at home and has not required hospitalization.

The Board has carefully considered the Veteran’s contentions considering the evidence within the record and the applicable law. The Board has viewed the evidence sympathetically, however the criteria for a rating in excess of 20 percent were not met at any time during the rating period. The Board notes that to warrant a higher rating under Diagnostic Code 7913 the evidence must show diabetes mellitus requiring insulin, a restricted diet, and regulation of activities. See Melson v. Derwinski, 1 Vet. App. 334 (1991) (use of the conjunctive “and” in a statutory provision meant that all conditions listed in the provision must be met); compare Johnson v. Brown, 7 Vet. App. 95 (1994) (only one disjunctive “or” requirement must be met in order for an increased rating to be assigned). 

The Board finds that there is insufficient evidence in the record to support the Veteran’s claim for entitlement to a rating in excess of 20 percent for his diabetes mellitus type II. The Board has carefully considered all applicable provisions and finds no provision upon which to assign a greater disability rating.

REASONS FOR REMAND

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately deciding them directly. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802(a). 

1. Entitlement to service connection for erectile dysfunction as secondary to diabetes mellitus type II.

The Veteran contends that his erectile dysfunction (ED) is caused or aggravated by either his diabetes mellitus type II and or anti-depressant medication prescribed for his service-connected post-traumatic stress disorder (PTSD). Upon review of the record the VA examiners failed to consider the entirety of the record and provide an opinion as to the impact Veteran’s prior diagnosis of PTSD and whether the medications the Veteran has been prescribed caused or aggravated the Veteran’s 

ED.

In March 2018, the Veteran was afforded a VA examination. The March 2018 VA examiner indicated that the claimant has multiple conditions that may result in or contribute to development of ED. The March 2018 examiner failed to identify which conditions are causing the Veteran’s ED and how they would specifically aggravate the Veteran’s ED. The examiner’s opinion is deficient and the AOJ is responsible for further developing the question of which condition is causing or aggravating the Veteran’s ED as that rises to a pre-decisional duty-to-assist error.

The March 2018 examiner failed to discuss the aggravation prong of secondary service connection. The Court has made it clear that an opinion will be considered inadequate unless it addresses both the “caused by” and “aggravation” avenues for secondary service-connection. El-Amin v. Shinseki, 26 Vet. App. 136 (2013).

The March 2018 examination is inadequate, and an addendum opinion is required. Therefore, the Board remands this matter to the AOJ for an addendum opinion. 

2. Entitlement to service connection for kidney condition as secondary to diabetes mellitus type II is remanded.

The Veteran contends that he has grade IV kidney failure (kidney disease) which he believes is caused or aggravated by hypertension and/or diabetes mellitus type II. 

The Veteran was afforded a VA examination in January 2019. The January 2019 examiner indicated that the Veteran does have a diagnosis of stage II kidney disease. The January 2019 examiner stated that further etiology of the Veteran’s renal disease is not exclusively due to diabetes mellitus since he has multiple diagnosis and takes NSAIDs which all can cause renal failure. The January 2019 examiner stated that he is unable to state whether the diabetes mellitus aggravated renal disease based on the same reason that he has multiple diagnosis and takes NSAIDS which can all aggravate renal disease. The January 2019 examiner provided a generalized overview and failed to provide an opinion as to the causation or aggravation of the Veteran’s kidney disorder. 

In March 2019, the Veteran was afforded another VA examination. The March 2019 examiner confirmed that the Veteran was diagnosed with chronic kidney disease. The March 2019 examiner opined that other diseases could have caused the Veteran’s chronic kidney disease. The March 2019 examiner failed to discuss the aggravation prong of secondary service connection. The Court has made it clear that an opinion will be considered inadequate unless it addresses both the “caused by” and “aggravation” avenues for secondary service-connection. El-Amin v. Shinseki, 26 Vet. App. 136 (2013).

The Board finds that the January 2019 and the March 2019 examinations are deficient. Therefore, the Board remands this matter to the AOJ for an addendum opinion. 

The matters are REMANDED for the following action:

1. Obtain any outstanding pertinent medical treatment records from VA and private health care providers. 

2. After any additional records are associated with the claims file, obtain an addendum medical opinion from an appropriate clinician. The need for a physical examination is left to the discretion of the clinician offering the addendum opinion. The entire claims file and a copy of this Remand shall be made available to the reviewing examiner and the examiner shall indicate in the report that the claims file was examined. 

3. The examiner must address the following questions:

(a) Is the Veteran’s ED at least as likely as not (i.e. 50 percent probability or greater) related to or proximately due to or aggravated beyond its natural progression by his service-connected PTSD or medications taken for PTSD?

If it is not as least as likely as not that the Veteran’s ED is etiologically related to his service-connected PTSD or medications taken for PTSD, please identify the likely cause of the Veteran’s ED. Specifically, is it at least as likely as not (i.e. 50 percent probability or greater) that the Veteran’s ED related to or proximately due to or aggravated beyond its natural progression by an in-service injury, event, or disease? Please explain why or why not.

The examiner should specifically address both causation and aggravation of the Veteran’s ED. The examiner should further address any medical treatises, journals or studies on the relationship of ED and PTSD and the relationship of ED and any other service-connected conditions the Veteran is diagnosed with.

(b) Is the Veteran’s kidney condition at least as likely as not (i.e. 50 percent probability or greater) related to or proximately due to or aggravated beyond its natural progression by a previously service-connected condition or an in-service injury, event, or disease? Please explain why or why not.

If it is at least as likely as not that the Veteran’s kidney condition is related to a service-connected condition or in-service injury, event or disease, please specifically identify the condition or in-service event. 

The examiner should specifically address both causation and aggravation of the Veteran’s kidney condition. The examiner should further address any medical treatises, journals or studies on the relationship of the Veteran’s kidney condition and any other service-connected conditions the Veteran has been diagnosed with.

4. A complete rationale must be provided for each opinion given.

If the examiner cannot provide the requested opinions without resorting to speculation, he or she should explain why this is so and what, if any, additional evidence would be necessary before an opinion could be rendered. 

 

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Hellina Y. Hailu, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.