Citation Nr: 1806328 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 11-28 640 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to a compensable initial disability rating for hepatitis C. 


REPRESENTATION

Appellant represented by: New York State Division of Veterans' Affairs


ATTORNEY FOR THE BOARD

D. Chad Johnson, Counsel



INTRODUCTION

The Veteran had active service from August 1956 to March 1957. 

This matter comes before the Board of Veterans' Appeals (Board) from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Togus, Maine. Jurisdiction over the Veteran's claims file was subsequently transferred to the RO in Atlanta, Georgia. 

This matter was previously remanded in June 2016, November 2016, August 2017 for additional development, including a VA examination and proper notice regarding a hearing before the Board. As there has been substantial compliance with the prior remand directives regarding the Veteran's claim, the matter is properly returned to the Board for adjudication. See Stegall v. West, 11 Vet. App. 268 (1998). 

The Veteran's October 2011 VA Form 9 substantive appeal requested a hearing before the Board. In December 2017, following the most recent Board remand in August 2017, the Veteran was provided with proper notice at his current and confirmed address of record regarding a Board hearing scheduled for January 2018; however, the Veteran subsequently failed to appear for the January 2018 Board hearing. Significantly, there is no indication that the Veteran did not receive the notice regarding his requested Board hearing. Additionally, the Veteran did not submit a request for postponement prior to the hearing or a written motion for a new hearing date with a statement of good cause concerning his failure to appear within 15 days of the rescheduled hearing date. Given the above, the Board considers the Veteran's hearing request to be withdrawn. See 38 C.F.R. § 20.704(c)-(d) (2017). 

As noted in the June 2016 Board remand, the issues of entitlement to secondary service connection for heart disease, diabetes mellitus, hypertension, and high cholesterol have been raised by the record in the Veteran's October 2011 VA Form 9 substantive appeal, but despite prior referral by the Board, these issues have not yet been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2017). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012). 


FINDING OF FACT

For the entire period on appeal, the Veteran's hepatitis C has not resulted in intermittent fatigue, malaise, and anorexia; or incapacitating episodes requiring bed rest and treatment by a physician. 


CONCLUSION OF LAW

The criteria for a compensable initial disability rating for hepatitis C have not been met for any period on appeal. 38 U.S.C. §§ 1155, 5107(b) (2012); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.6, 4.7, 4.10, 4.21, 4.114, Diagnostic Code (DC) 7354 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Due Process 

Neither the Veteran nor his representative has raised any issues with the duty to notify. See Scott v McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."). 

To the extent that the Veteran's representative asserted within the August 2009 notice of disagreement (NOD) that the June 2009 VA examination was inadequate to rate the Veteran's hepatitis C disability, the Board notes that the Veteran has subsequently been afforded adequate examinations which reflect consideration of the Veteran's claims file, the Veteran's medical history, and all relevant facts; moreover, subsequent examinations provide adequate detail to apply the relevant rating criteria. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). 

Additionally, the Board observes that although the Veteran's representative has not submitted a brief or VA Form 646 in connection with the Veteran's claim, they have remained the Veteran's representative throughout the pendency of his appeal and have had ample opportunity to submit any additional evidence or argument; therefore, the Board finds no prejudice in proceeding to adjudicate the Veteran's appeal. See 38 C.F.R. § 20.600 (2017). 

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, each piece of evidence of record. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, regarding the Veteran's claim on appeal. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant). 

II. Initial Rating - Hepatitis C 

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.1 (2017). The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10 (2017). 

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran's disability. 38 C.F.R. § 4.1, 4.2 (2017); Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7 (2017). When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3 (2017). 

The evaluation of the same disability under several diagnostic codes, known as pyramiding, must be avoided. 38 C.F.R. § 4.14 (2017). Separate ratings may be assigned for distinct disabilities resulting from the same injury so long as the symptomatology for one condition is not duplicative of or overlapping with the symptomatology of the other condition. Id. 

Whether the issue is one of an initial rating or an increased rating, separate ratings can be assigned for separate periods of time based on the facts found, a practice known as "staged" ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007). With respect to the Veteran's initial rating claim on appeal, the Board has considered his claim from the assigned effective date, which the Veteran has not appealed, as well as whether any additional staged rating periods are warranted. 

The Veteran's service-connected hepatitis C is rated as noncompensable from July 10, 2008 under Diagnostic Code (DC) 7354. 38 C.F.R. § 4.114, DC 7354 (2017). DC 7354 provides various rating criteria for service-connected hepatitis C manifested by serologic evidence of hepatitis C infection and related signs and symptoms due to such infection. Id. 

Under DC 7354, nonsymptomatic hepatitis C warrants a noncompensable disability rating. Id. A 10 percent disability rating is warranted for intermittent fatigue, malaise, and anorexia, or incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least one week, but less than two weeks, during the past 12-month period. Id. A 20 percent disability rating is warranted for daily fatigue, malaise, and anorexia (without weight loss or hepatomegaly), requiring dietary restriction or continuous medication, or; incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least two weeks, but less than four weeks, during the past 12-month period. Id. A 40 percent disability rating is warranted for daily fatigue, malaise, and anorexia, with minor weight loss and hepatomegaly, or; incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least four weeks, but less than six weeks, during the past 12-month period. Id. A 60 percent disability rating is warranted for daily fatigue, malaise, and anorexia, with substantial weight loss (or other indication of malnutrition), and hepatomegaly, or; incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least six weeks, during the past 12-month period, but not occurring constantly. Id. Finally, a maximum schedular 100 percent disability rating is warranted for near-constant debilitating symptoms (such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain). Id. 

Sequelae, such as cirrhosis or malignancy of the liver, are to be rated under an appropriate diagnostic code, but the same signs and symptoms are not to be used as the basis for rating under DC 7354 and under a diagnostic code for sequelae. Id.; see also 38 C.F.R. § 4.14. Additionally, an incapacitating episode is defined as "a period of acute signs and symptoms severe enough to require bed rest and treatment by a physician." 38 C.F.R. § 4.114, DC 7354. The term "substantial weight loss" means a loss of greater than 20 percent of the individual's baseline weight, sustained for three months or longer; and the term "minor weight loss" means a weight loss of 10 to 20 percent of the individual's baseline weight, sustained for three months or longer. 38 C.F.R. § 4.112 (2017). The term "inability to gain weight" means that there has been substantial weight loss with inability to regain it despite appropriate therapy, while "baseline weight" means the average weight for the two-year-period preceding onset of the disease. Id. Further, in light of the conjunctive "and" in the various rating criteria listed under DC 7354, all criteria must be met to establish entitlement to particular percent rating. See, e.g., Watson v. Dep't of the Navy, 262 F.3d 1292, 1299 (Fed. Cir. 2001) (noting that inclusion of conjunctive "and" clearly indicates that all three criteria in 5 C.F.R. §§ 831.902 and 842.802 must be demonstrated); Heuer v. Brown, 7 Vet. App. 379, 385 (1995) (holding that criteria expressed in the conjunctive are connected by "and"); Malone v. Gober, 10 Vet. App. 539 (1997) (construing "and" as conjunctive in a statute); cf. Johnson v. Brown, 7 Vet. App. 95, 97 (1994) (holding that "or" in the rating criteria shows that each is an independent basis for granting that rating). 

Turning to the evidence of record during the appeal period, VA treatment records from June 2008 document the Veteran's initial diagnosis of hepatitis C with stage F2 fibrosis. Upon follow up in September 2008, the Veteran reported that he felt well, without related complaints. The following month, the Veteran's hepatitis C remained asymptomatic. In May 2010, the Veteran's hepatitis C was documented to be stable. 

Upon initial VA examination in June 2009, the Veteran denied experiencing fatigue, gastrointestinal symptoms, hematemesis, or melena. Upon subsequent VA examination in January 2011, the Veteran reported daily, tolerable symptoms including shaking hands, weight gain, arthralgia, and right quadrant abdominal pain; however, he denied related symptoms including fatigability, gastrointestinal disturbances, nausea, vomiting, or incapacitating episodes. Following a physical examination, there was no abdominal tenderness; however, the examiner noted the Veteran's condition was active, with decreased ferritin. 

The Veteran was afforded an additional VA examination in December 2016. At that time, he denied any current, specific treatment for his hepatitis C as well as any current disease or problems related to his condition. The examiner noted that continuous medication was not required for control of his hepatitis, and there were no signs or symptoms attributable to hepatitis C, including incapacitating episodes. Upon examination, the examiner noted some protuberance of the abdomen; however, there was no evidence of ascites upon ultrasound, and the examiner suspected subcutaneous edema related to volume overload and unrelated to his hepatitis C. The Veteran denied any joint pain related to his hepatitis C, although he reported neck pain due to age related arthritis. The examiner noted the Veteran had also been diagnosed with iron deficiency anemia, which he stated was not related to, or an effect of hepatitis C. In sum, the examiner stated the Veteran's hepatitis C had no current secondary effects. 

In January 2017, the same VA examiner opined, based upon a review of related medical literature, that the Veteran's hepatitis C did not cause his anemia condition; rather, the examiner stated that the Veteran's anemia was likely related to chronic kidney disease. Additionally, the examiner concluded based upon a review of the claims file and medical records that there was no medical evidence of arthritis secondary to the Veteran's hepatitis C. The examiner noted that essential mixed cryoglobulinemia, an immune complex mediated condition, may result in arthralgia in patients with hepatitis C; however, the Veteran had no evidence of this condition. Additionally, the examiner noted that in a small percentage of patients, arthritis may be seen with hepatitis C, but it was an inflammatory arthropathy with features similar to rheumatoid arthritis, and the Veteran did not have such symptoms documented. Rather, the neck pain he reported was felt to be age related, and unrelated to his hepatitis C. The examiner again concluded that there was no medical evidence that the Veteran experienced fatigue, malaise, anorexia, weight loss, hepatomegaly, or incapacitating episodes secondary to hepatitis C. 

Private treatment records from November 2016 document that the Veteran was admitted to the hospital with weakness, syncope, and mild protein-calorie malnutrition; however, this was believed to be a result of his blood pressure medication rather than his hepatitis C. 

Following review of the evidence of record, including as discussed above, the Board finds that the preponderance of evidence weighs against the Veteran's claim of entitlement to a compensable initial disability rating for hepatitis C for the entire period on appeal. 

Significantly, the probative evidence of record does not document that the Veteran's hepatitis C has resulted in intermittent fatigue, malaise, and anorexia for any period on appeal. See 38 C.F.R. § 4.114, DC 7354; see also Malone, 10 Vet. App. 539. Similarly, the probative evidence of record does not document any incapacitating episodes during the appeal period. Id. 

The Board has thoroughly considered the lay statements of record, which are probative evidence insofar as they report observable symptoms. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). However, to the extent that lay evidence of record asserts that the Veteran's symptoms are worse than contemplated by his noncompensable disability rating, such statements are of limited probative value given the Veteran's lack of medical expertise and when compared to the objective medical evidence of record discussed above. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). 

In conclusion, as the preponderance of evidence weighs against the Veteran's claim of entitlement to a compensable initial disability rating for hepatitis C for the entire period on appeal, there is no reasonable doubt to be resolved, and the claim must be denied. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. §§ 3.102, 4.3 (2017); see Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

A compensable initial disability rating for hepatitis C is denied for the entire period on appeal. 




____________________________________________
A. P. SIMPSON
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs